**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CLAUDE FLEURIMOND,**

        **Plaintiff,**

**-vs-**                                                **Case No.  6:08-cv-675-Orl-22KRS**

**ALL STARS SERVICES, LLC and AVIS BUDGET**
**GROUP, INC.,**

        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following document:

| | |
|---|---|
| **MOTION:** | **STIPULATION REGARDING SETTLEMENT (Doc. No. 12)** |
| **FILED:** | **June 20, 2008** |

Plaintiff Claude Fleurimond filed a complaint against Defendants All Stars Services, LLC and Avis Budget Group, Inc. for violation of the overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  Doc. No. 1.  Currently before the Court is the parties' Stipulation Regarding Settlement, in which the parties stipulate to the dismissal of the case with prejudice.  Doc. No. 12.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.  Several district judges in this District have found it unnecessary to scrutinize the fairness of the settlement of an FLSA claim where the plaintiff receives full compensation. *See, e.g., MacKenzie v. Kindred Hosps. E.,*

*L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla 2003). The rationale is that when a plaintiff receives full compensation, there has been no compromise and, therefore, there is nothing to scrutinize. *Id*.

In this case, the parties jointly represent that Fleurimond has received 100% of the unpaid overtime wages that are due, plus liquidated damages in an amount equal to the unpaid wages, plus payment of attorneys' fees and costs that the parties agree are reasonable. Doc. No. 12 ¶¶ 3, 4. Based on these representations, Fleurimond has received full recovery under the FLSA and there is no need to scrutinize the settlement for fairness.

Accordingly, I respectfully recommend as follows:

1. The Court **DISMISS** the case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2);

2. The Court **DECLINE** to reserve jurisdiction to enforce the settlement; and,

3. The Court **DIRECT** the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 26, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy